CLEMENT B. COLE, as Trustee in Bankruptcy of MAX GOODMAN, a Bankrupt, Respondent, *v.* MAX GOODMAN and Others, Defendants, Impleaded with MYER MILLER, Appellant.

Fourth Department, March 9, 1932.

*Gano & Berger* [*Samuel Berger* of counsel], for the appellant.

*William S. Moore*, for the respondent.

PER CURIAM. The right of plaintiff — so far as the equitable cause of action is concerned — is the right to subject the transferred property, real and personal, to the claims of creditors. The several and different acts of fraud asserted in the complaint are all in derogation of that single right and do not, as we think, constitute each a separate cause of action, nor is the defendant Miller a proper party to that cause of action. But the complaint, as we read it, attempts also to set up a cause of action at law to recover money damages for the alleged tortious acts of Miller in conspiracy with the other defendants. To that extent the motion separately to state and number the causes of action should have been granted, leaving the defendants thereafter at liberty to attack the amended complaint for misjoinder, insufficiency or any other reason as they may be advised. The order should be reversed and the motion granted accordingly, but without costs to either party.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law, without costs of this appeal to either party, and motion granted to require separate statement and numbering of the cause of action to set aside fraudulent conveyances and of the cause of action in tort for money damages, without costs.